PER CURIAM.
The defendant, 19-year old Zelbert Miller, was charged by separate bills of information with two counts of distribution of cocaine, a Schedule II Controlled Dangerous Substance. LSA-R.S. 40:967A(1). While free on bond pending prosecution, he was arrested again and charged by separate bills with possession of cocaine and marijuana. By agreement, the state dropped one distribution and both possession charges in exchange for Miller’s guilty plea to the remaining distribution charge. The district court ordered a presentence investigation (“PSI”) and later sentenced Miller to five years at hard labor with two *186 years suspended, and five years of supervised probation with special conditions. LSA-C.Cr.P. art. 895.1. Miller now appeals, urging only that the district court failed to apply the sentencing guidelines and the sentence is excessive. We affirm.
According to the PSI, Miller approached an undercover officer on the evening of December 17, 1988, and said he had rock cocaine for sale. He showed the agent several rocks; the agent bought two for $80. The rocks were sent to the North Louisiana Criminalistics Lab and found to be cocaine.
The subsequent arrest on possession charges occurred on August 9, 1989.
The test of excessiveness is two-tiered. First the record must show the sentencing judge took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The judge is not required to list every factor as long as the record shows he adequately considered them. State v. Smith, 433 So.2d 688 (La.1983). The objective of art. 894.1 is not empty recitation of factors but the statement of a factual basis for sentence. State v. Lanclos, 419 So.2d 475 (La.1982). Even when the sentencing judge does not adequately comply with the article, remand is not necessary if the record clearly illumines the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983); State v. Griffin, 455 So.2d 681 (La.App. 2d Cir.1984). The critical elements we will consider are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied 521 So.2d 1143 (La.1988).
The sentencing judge noted that Miller was 19-years old and was in 11th grade at Coushatta High School when he was arrested. Several family members had criminal records. The judge viewed these facts as mitigating. Even though this was his first arrest, he had later involvement with CDS while this matter was pending, thus showing a need for correctional treatment. A completely probated sentence would deprecate the seriousness of the offense.
This is admittedly not model compliance with the article. However, the judge imposed the minimum sentence of five years and even suspended part; he plainly felt the mitigating factors prevailed. The defense brief is phrased in generalities and does not specify any errors or omissions that would undermine the sentencing choice. In fact, the additional information found in the PSI (Miller is unmarried, has no children, a minimal work record and a delicate back) contributes nothing to the salient details brought out at sentencing. This argument does not present reversible error.
The second tier is constitutional excessiveness. A sentence violates LSA-Const. art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). The sentencing judge has wide discretion in imposing a sentence within statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983). The benefit accruing from a plea bargain is a valid consideration in reviewing a sentence for excessiveness. State v. Smack, 425 So.2d 737 (La.1983). The sentencing judge may base sentence not only on prior convictions but on any relevant criminal activity. State v. Washington, 414 So.2d 313 (La.1982); State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La.1984).
The overwhelming factor here is that Miller received a significant benefit from the plea bargain. As originally charged he faced a maximum sentence of 65½ years and fines of $35,500. There seems to be no question that all charges were well found *187 ed. The plea bargain sliced his exposure to less than half. The court actually imposed the statutory minimum of five years and suspended two years. By imposing such a sentence the judge showed an intent not just to punish but to rehabilitate. The sentence does not seem unjust for this offense and this youthful offender. It does not shock our sense of justice. This argument does not present reversible error.
We have finally reviewed the record for errors patent and we find none. LSA-C. Cr.P. art. 920(2). The conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.