I 1WILLIAMS, Judge.
The defendant, Martin Shaw, was charged by bill of information with unauthorized entry of an inhabited dwelling, a violation of LSA-R.S. 14:62.3. After a jury trial, the defendant was convicted as charged. The trial court sentenced the defendant to serve two years imprisonment at hard labor. Defendant appeals his conviction. For the following reasons, we affirm.
FACTS
At approximately 9:30 p.m. on September 8, 1996, Gary Lang and his wife Valerie, returned to their rented home in Atlanta, Louisiana. As they drove down their long driveway, the Langs saw a maroon pickup truck parked in front of their home. They observed their pet German Shepherd, which was described as aggressive and unMendly toward strangers, coming out of the front entrance of their home. The dog had been chained to the television cabinet inside the house when they left earlier that evening.
The Langs then saw a man inside then-home look through the front screen door. Mr. Lang approached the man, whom the Langs did not know. However, at trial, the Langs identified the defendant as the man whom they had discovered in their house. Mr. Lang asked the defendant what he was doing in their home. The defendant, who stated that his name was Martin, told Mr. Lang that “some Mends” had invited him over, and that these Mends were still inside the house. Mr. Lang went inside the house but did not see anyone else. The defendant then said that his Mends must have gone out through the back door. However, that door was padlocked and could not have been opened. Mr. Lang wrote down the license plate number of defendant’s vehicle and told him to leave. The defendant apologized to the Langs and drove away.
The deadbolt lock on the Langs’ front door was damaged and was partially broken off of the door. The Langs telephoned the Winn Parish Sheriffs Office, |2and Deputy Morgan Perry was dispatched to investigate the complaint. Mr. Lang gave the deputy the license plate number from the intruder’s truck. The deputy reported the number to the sheriffs office and learned that the truck was owned by the defendant. The deputy was unable to obtain identifiable fingerprints from the crime scene. Nothing was missing from the home, but the deputy noted that some of the Langs’ belongings had been moved, as if defendant had been looking for something.
The defendant was arrested and charged with unauthorized entry of an inhabited dwelling. After a jury trial, the defendant was convicted as charged. The trial court *511 sentenced him to serve two years imprisonment at hard labor and denied his motion for new trial. The defendant appeals.
DISCUSSION
The defendant argues that the evidence presented at the trial is insufficient to support his conviction. He contends the state failed to prove his intent to enter the house without authorization.
Unauthorized entry of an inhabited dwelling is the intentional entry by a person without authorization into any dwelling or other structure which belongs to another and is used by a person as a home or place of abode. LSA-R.S. 14:62.8. Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992). LSA-C.Cr.P. art. 821.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence 13in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. The facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
This court’s authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const, art. 5, § 5(C); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, 29,253 (La.App.2d Cir. 4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333.
In his brief, defendant contends that the state failed to prove his intent to enter the Langs’ home without authorization. In support of his argument that he entered the residence by mistake, the defendant points to evidence that he: provided his correct first name to the Langs, he told them he had been invited to the house by friends, he appeared confused, and he apologized and left after learning that the house belonged to the Langs.
However, the record does not support the defendant’s contention. The physical evidence at the scene of the incident contradicts defendant’s assertion that he was invited into the house by friends who were still inside the residence. When Mr. Lang did not find anyone else in the home, defendant changed his story and said they must have gone out through the back door. However, this was not possible because the back door was padlocked shut.
|4In addition, the witnesses testified that the deadbolt lock had been forcibly broken off from the front door. This fact suggests that a substantial amount of force was used to enter the residence and is entirely inconsistent -with an “invitation.” Although the house was set -back some distance from the main road, defendant had backed his truck down the narrow driveway and parked directly in front of the porch steps. At trial, both Steven and Valerie Lang identified the defendant as the man who was found inside their residence when they returned home. The jury also .heard testimony that the house was owned by Ron Porterpan, who had rented the premises to the Langs. Porterpan and the Langs testified that they had never given permission to the defendant to enter the residence.
The jury reasonably chose to believe the foregoing testimony of the state’s witnesses and we will not disturb this credibility determination. Viewing the evidence in the light most favorable to the prosecution, we conclude that the. jury could have rationally re *512 jected the defendant’s hypothesis that he mistakenly believed that he possessed authority to enter the premises. The record contains sufficient evidence to convince a rational trier of fact that each element of the crime was proven beyond a reasonable doubt. The assignment of error lacks' merit.

Admissibility of Testimony

The defendant contends the trial court erred in admitting into evidence Deputy Perry’s statement concerning the results of a search of license plate records. Defendant argues that the statement was hearsay and inadmissible. Hearsay is a statement other than one made by the declarant at trial, offered in evidence to prove the truth of the matter asserted. LSA-C.E. art. 801.
Here, the deputy testified that Mr. Lang gave him a license plate number from the track driven by the intruder and that the sheriff’s office ran a computer |5check of the license number. The deputy was asked what the search revealed. The defendant’s objection was overruled by the trial court. Deputy Perry testified that the computer check disclosed that the track belonged to defendant.
A police officer, in explaining his own actions, may refer to statements made to him by other persons involved in the ease. Such statements are admitted not to prove the truth of the assertion, but to explain the sequence of events leading to the arrest of the defendant from the viewpoint of the investigating officer. State v. Byrd, 540 So.2d 1110 (La.App. 1st Cir.), writ denied, 546 So.2d 169 (La.1989).
In the present case, Deputy Perry’s testimony was offered not for its truth, but to explain how the defendant was selected as a suspect. Therefore, the statement was not hearsay and was properly admitted by the trial court. This assignment of error is without merit.
The defendant has requested this court to review the record for error patent. This request is unnecessary since such a review is performed automatically in all criminal cases. State v. Lindsey, 28,016 (La.App.2d Cir. 4/3/96), 671 So.2d 1155. We note that the trial court neglected to inform defendant of the prescriptive period for post-conviction relief contained in LSA-C.Cr.P. art. 930.8. This three-year prescriptive period does not begin to run until the judgment of conviction and sentence has become final. The district court is directed to give appropriate written notice of the correct prescriptive period to defendant within ten days of the rendition of this opinion and to file proof of receipt of such notice in the record of these proceedings. State v. Kerrigan, 27,846 (La.App.2d Cir. 4/3/96), 671 So.2d 1242. No other error patent was found.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.