I2DALEY, Judge.
The defendant was convicted of distribution of cocaine in violation of LSA-R.S. *309 40:967 A. He was sentenced as a multiple offender to sixty years at hard labor. He appeals this sentence as being excessive.
FACTS
After pleading not guilty to the charge of distribution of cocaine, the defendant was tried by a jury, which returned a guilty verdict. The defendant was sentenced to thirty years at hard labor. He made an oral Motion for Appeal which was supplemental with a written motion that same day. At the hearing on the Motion to Reconsider the Thirty Year Sentence, the defense attorney argued that there were mitigating factors in this case which included the fact that the defendant sold only a small amount of cocaine to the officer, the transaction did not take place near a school and that the transaction was not made to a minor. The State responded by arguing |3that not only did the defendant have four felony convictions, he had been arrested twenty-six times and was currently awaiting trial on first degree murder charges.
The State filed a habitual offender Bill of Information, alleging the defendant to be a fourth felony offender. The defendant pled not guilty to the multiple offender bill and filed a Motion to Quash the Multiple Bill. The defense argued that the Boykin form in two of the defendant’s previous guilty pleas to felony chargers were defective in that they did not include the fact that when the defendant pleads guilty, he is waving his right to self-incrimination The trial judge took this matter under advisement and at the hearing on the multiple bill it was agreed by the defense attorney that the law cited by the State regarding the validity of these forms was correct. The trial court found that the State had proven its multiple bill. A sentencing date was set since the defendant was not present. At the re-sentencing hearing the previous sentence was vacated and the defendant was found to be a fourth felony offender and sentenced to sixty years at hard labor as a habitual offender without benefit of probation or suspension of sentence. He was given credit for time served.
On appeal, the defendant argues that the sixty year sentence is constitutionally excessive.
DISCUSSION
In his only assignment of error the defendant argues that the defendant’s original sentence was doubled on the basis of his criminal history. He claims that this is a constitutionally excessive sentence in that is makes “no measurable contribution to acceptable goals of punishment and is nothing more than the purposeless imposition of pain and suffering and is grossly out of proportion to the severity of the crime,” citing State v. Dorthey, 623 So.2d 1276, 1280, (La.1993). He contends the 14offense in this ease was not that serious and that there was no evidence that he had previously sold cocaine. The defendant then cites several cases in which sentences for selling small amounts of cocaine were overturned as being excessive.
While it is inappropriate for the State to agree that defendant’s sentence should be enhanced due to his twenty-six arrests and pending murder charge, the defendant herein was not sentenced to sixty years in prison for selling twenty dollars worth of cocaine or because of his arrest record. The defendant was sentenced to sixty years in prison because he was a fourth felony offender.
Louisiana Revised Statute 15:529.1(A)(l)(e)(ii) provides:
If the fourth or subsequent felony or any of the prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more that five years or any other crime punishable by imprisonment for more that twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence. (Emphasis added).
Under the Uniform Controlled Dangerous Substances Law, the distribution of cocaine, in violation of R.S. 40:967(A), is punishable for a term of imprisonment at hard labor for not less than five years, nor more than thirty years. (The 1995 version of the statue is used because the offense was committed in 1995.) Thus in this case, the defendant’s punishment is dictated by statute. The Supreme Court has recognized that the fixing *310 of penalties is a legislative function, the trial judge has the discretion to determine the appropriate sentence within the sentencing range fixed by the legislature. State v. Rome, 96-0991 (La.7/1/97), 696 So.2d 976.
Accordingly, since the defendant was found to be a fourth felony offender with one violation of the Uniform Controlled Dangerous Substances Law, the trial judge would statutorily be required to sentence the defendant to life imprisonment without benefit of parole, probation, or suspension of sentence.
_JjThe defendant claims that the sentence of sixty years is constitutionally excessive. The defendant relies upon State v. Dorthey, supra, for the proposition that a punishment mandated by LSA-R.S. 15:629.1 may be reviewed for excessiveness. In order to find a multiple offender sentence excessive under Dorthey, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. Chief Justice Ca-logero in his concurrence in State v. Hamilton, 666 So.2d 655 states:
“Dorthey gives the district court the authority to depart from the mandatory minimum sentences provided by the legislature only in those relatively rare cases in which the punishment provided violates the prohibition of La. Const. Art. I, 20 against excessive sentences. The district court should therefore make express findings according to the jurisprudential standards governing the determination of whether a particular sentence is excessive. Perhaps more importantly, the district court should also state fully for the record the factual bases underlying its determination for purposes of facilitating appellate review.”
In Hamilton, supra, the Supreme Court remanded the case to the trial court to justify its deviation from the statutorily mandated minimum sentence. Although the trial court did not give reasons on the record for the reduced sentence a remand in this case is unnecessary.
The State did not challenge the leniency of this sentence at the trial level nor was it raised in this court. When the defendant alone has appealed and the State has neither answered nor raised the issue on appeal, an appellate court may not amend or set aside an illegally lenient sentence on its own motion. State v. Fraser, 484 So.2d 122 (La.1986); State v. Lassere, 95-1009 (La.App. 5th Cir. 10/1/96), 683 So.2d 812, writ denied, 692 So.2d 445 (La.1997). While the trial court did not state fully for the record the factual basis underlying its reduction of the mandatory life sentence we 1 (¡need not review the sentence of sixty years for leniency since no error has been alleged that the sentence was illegally lenient. We find the sixty year sentence imposed by the trial court in this case is not constitutionally excessive.
The record was reviewed for errors patent, according to Louisiana Code of Criminal Procedure article 920 and State v. Oliveaux, 312 So.2d 337 (La.1975).
We note that the defendant was not advised of the three year time limit for filing an Application for Post Conviction Relief as required by Code of Criminal Procedure article 930.8. For this reason we remand this matter back to the trial court to send written notice to the defendant within ten days of the rendering of this Court’s opinion and to file written proof in the record that the defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
The conviction and sentence are affirmed and this matter is remanded to the trial court to comply with article 930.8 as stated above.
CONVICTION AND SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.