719 So.2d 578 (1998)
STATE of Louisiana, Plaintiff-Appellee,
v.
Zachary FRANKLIN, Defendant-Appellant.
No. 31068-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1998.
*579 Louisiana Appellate Project by Amy Ellender, Mer Rouge, for Defendant-Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Tommy J. Johnson and Michael Powell, Assistant District Attorneys, for Plaintiff-Appellee.
Before MARVIN, C.J., and NORRIS and CARAWAY, JJ.
NORRIS, Judge.
Zachary Franklin appeals his conviction for possession of cocaine with intent to distribute, La. R.S. 40:967, and his sentence of 40 years at hard labor as a habitual offender. He raises five and argues four assignments of error.[1] For the reasons expressed, we affirm.

*580 Facts and Procedure

On October 24, 1993, Franklin was stopped by two Shreveport police officers because the left rear taillight of his vehicle, a Chevy Blazer, was not functioning.[2] Officer Johnson and Officer Hayes both testified that Franklin immediately got out of the Blazer and met them at the back of the vehicle. The officers further testified that Franklin was shaking and fidgety, obviously very nervous. Due to this behavior, Officer Johnson patted Franklin down for weapons but found none on his person. The officers testified that Officer Johnson asked for, and received, Franklin's driver's license, informed him of the broken taillight and the fact that he would be cited, and asked for his vehicle registration and proof of insurance.
Franklin and Officer Johnson went to the Blazer for these documents, Franklin getting in the driver's seat and reaching over to the glove compartment. According to Officer Johnson, while Franklin was getting the information, Officer Johnson was looking into the car from the open driver's door and saw a small plastic bag with powdery residue in it in the ashtray on the console. Officer Johnson also stated that the smell of marijuana was coming from the vehicle and that he saw what appeared to be a pipe under the passenger's seat.
Officer Johnson and Franklin went to the back of the Blazer where they joined Officer Hayes. Both officers testified that Officer Johnson then asked Franklin if any contraband or weapons were in the vehicle, that Franklin said no and added that if the officer wanted to check inside the car, he could do so. According to the officers, when asked if he was consenting to a search, Franklin replied, "yes, I am," and told Officer Johnson to look in the car if he wanted. Officer Johnson then searched the vehicle, and discovered that the object he thought was a pipe was actually the barrel of a pistol, a .44 magnum. Under the passenger's seat, beside the gun, Officer Johnson found a pouch, opened about one-third of the way, containing 31 small plastic bags containing a total of 26.5 grams of crack cocaine.
Officer Johnson then placed Franklin under arrest and Mirandized him. Both officers testified that Officer Johnson asked Franklin what was under the seat, at which time Franklin replied, "You know what's under the seat.... There was a gun and dope under the seat." The officers testified that Franklin stated that the gun and dope were his, and that he did not use dope but sold it to make a living and pay bills. Franklin was then transported to the police station at which time he refused to give a statement, claiming nausea.
Franklin filed a motion to suppress the crack cocaine, the gun and the statements. The trial judge denied the motion. At the trial on the merits, a jury found Franklin guilty of possession of cocaine with the intent to distribute. The trial judge found Franklin to be a fourth felony offender and sentenced him to serve 40 years at hard labor. Franklin appeals the ruling, arguing that (1) the trial court erred in denying the motion to suppress; (2) the evidence was insufficient to support the verdict; (3) the trial court failed to comply with La.C.Cr.P. art. 894.1 and imposed an excessive sentence; and (4) the trial court failed to grant a mistrial when a witness referred to another crime committed by the defendant.[3]

Assignment No. 1
By his first assignment Franklin urges the District Court erred in failing to suppress the contraband and statements on grounds that these were obtained without sufficient probable cause. Specifically he contends that the initial stop, based on nothing more than a broken taillight, could not provide *581 probable cause to search the Blazer for contraband. He further argues that because the officers lacked probable cause, the automobile exception and the consent to search were tainted and ineffective.
Unreasonable searches are prohibited. La. Const. Art. 1 § 5. In general, a reasonable search is one conducted pursuant to warrant issued based on probable cause. Nevertheless, there are established and well-delineated exceptions to the warrant requirement. State v. Owen, 453 So.2d 1202 (La. 1984).
The Federal and State Supreme Courts have held that officers may make an initial traffic stop after observing a traffic infraction even if the purpose of the stop is to investigate for CDS violations. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Kalie, 96-2650 (La.9/19/97), 699 So.2d 879. If the defendant's conduct during the traffic stop gives rise to "reasonable suspicion" of drug violations, the officer may detain the vehicle for a limited period of additional time to investigate.
In the instant case it is not disputed that one of the taillights on the Blazer driven by Franklin was broken. Both officers testified that after being stopped, Franklin appeared nervous and fidgety. When Franklin entered the vehicle to get registration and insurance documents, Officer Johnson noticed the scent of marijuana emanating from the vehicle. These facts were sufficient to justify the officers in continuing the investigation by asking Franklin for consent to search. State v. Kalie, supra. While Franklin asserts in brief that he felt no alternative but to give his consent, the record contains nothing to rebut the officers' account that consent was given without coercion. The District Court was entitled to find that consent was knowingly and voluntarily given.
Moreover, Officer Johnson established that he was standing right outside the open driver's door when he saw a small plastic bag with powdery residue, resting in plain view in the ashtray on the console. His uncontradicted testimony proves that he was lawfully in a place from which he could view the object, the object's incriminating character was apparent, and he had a lawful right of access to the object. Horton v. California, 496 U.S. 128, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990); State v. Nolen, 29,284 (La.App.2d Cir.4/4/97), 691 So.2d 379.
This assignment lacks merit.

Assignment No. 2
The proper standard for appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bellamy, 599 So.2d 326 (La. App. 2d Cir.), writ denied, 605 So.2d 1089 (1992). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Shaw, 30,477 (La.App.2d Cir.2/25/98), 708 So.2d 509.
The crime of possession with intent to distribute cocaine requires proof that the defendant knowingly and intentionally possessed the drug and that he did so with the specific intent to distribute. La. R.S. 40:967; State v. Smith, 94-1502 (La.App. 4th Cir.1/19/95), 649 So.2d 1078. Intent is a question of fact to be decided by the trier of fact, it need not be proven as a fact; but may be inferred from the circumstances. State v. Washington, 29,784 (La.App.2d Cir.09/26/97), 700 So.2d 1068, 1073. Circumstantial evidence from which the intent to distribute may be found include quantity of the substance, equipment and supplies found with it, where it was found, manner of the packaging, and the testimony of witnesses experienced and knowledgeable in the field. State v. House, 325 So.2d 222 (La.1975).
At trial, both Officer Johnson and Officer Hayes testified that after Franklin was arrested, he admitted there was a gun *582 and some drugs under the seat of the vehicle and further admitted that the objects belonged to him and that he sold the drugs in order to make a living. Officer Johnson testified to finding a pouch containing many small bags with a white substance inside them, and that Franklin admitted the bags were his. Randall Robelard, a scientist from the North Louisiana Crime Lab who was accepted as an expert in forensic chemistry, testified that all of the small bags found in the pouch contained cocaine.
Carl Townley, an undercover narcotics agent with the Caddo Parish Sheriff's office, testified as an expert in the sale, valuation and packaging of illegal narcotics. According to his testimony, 31 small plastic bags containing crack cocaine is the customary way of packaging the drug for sale. He further testified that the amount of crack cocaine found, 26.5 grams, is consistent with distribution, as users normally keep on them less than one gram, an amount for daily use. Furthermore, users normally have a crack pipe in their possession so that they can ingest the crack, while Franklin did not. Agent Townley testified that the dealer usually has some type of weapon, which is consistent with finding a gun in Franklin's vehicle. In short, the circumstantial evidence is strongly indicative of the intent to distribute. State v. House, supra.
The only evidence presented by Franklin to refute that the drugs belonged to him and that he intended to sell them was the testimony of several of his relatives and his girlfriend that they had all seen other people driving his vehicle on many occasions. Delores Sewell, Franklin's mother, testified that she had seen someone she did not recognize driving Franklin's vehicle on the day he was arrested.
The officers' testimony that Franklin stated that the drugs were his and that he sold them to make a living, and the agent's expert testimony that Franklin's actions were more consistent with distribution than use, would be sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant knowingly and intentionally possessed the drugs and that he did so with the specific intent to sell them. The evidence presented by the state, and apparently accepted by the jury, was sufficient to support the conviction. As their determination is supported by the evidence, this assignment of error has no merit.

Assignment No. 3
The defendant contends that the trial court erred in failing to comply with the sentencing guidelines of La.C.Cr.P. art. 894.1 in imposing his sentence and that the trial court erred in imposing an unconstitutionally excessive sentence. Franklin was billed as a habitual offender and adjudicated to be a fourth felony offender and sentenced to 40 years at hard labor without benefit of probation or suspension of sentence.[4]
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. Id.; State v. Gene, 587 So.2d 18, 24 (La.App. 2d Cir.1991), writ denied, 604 So.2d 993 (1992). In addition, though the court may fail to state for the record all of the facts taken into account in imposing the sentence, the sentence will be upheld "if the record clearly illumines the sentencing choice." State v. Smith, 430 So.2d 31 (La.1983); see also State v. Miller, 566 So.2d 185 (La.App. 2d Cir.1990).
The second prong of the inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. 1, § 20 if it is considered grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. *583 Barnes, 28,835 (La.App.2d Cir.12/11/96), 685 So.2d 1148, writ denied, 97-0274 (La.10/10/97), 703 So.2d 602. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id.
Possession of cocaine with intent to distribute carries a sentence of not less than five nor more than 30 years at hard labor. La. R.S. 40:967 B(1). However, Franklin was adjudicated a fourth felony offender. At the time of this offense, the Habitual Offender statute mandated that a fourth offender serve not less than the longest term prescribed for a first conviction (30 years at hard labor) nor more than life. La. R.S. 15:529.1 A(3)(a) (prior to the amendment by La. Acts 1994, 3d Ex.Sess., No. 144).[5]
The record shows that Franklin is 30 years of age and finished the twelfth grade. Members of his family and his girlfriend, the mother of his son, testified that at the time of the arrest, he was working two part-time jobs, cleaning office buildingsnone of the witnesses knew the name of his employer and helping his uncle put up fences. He has one son, and according to his girlfriend's testimony, Franklin was not paying child support, though he was supporting them. According to the officers' testimony, Franklin admittedly sold drugs to pay his bills.
The record further shows that Franklin has an extensive criminal history. Franklin's prior felony convictions include illegal possession of stolen things, unauthorized use of a movable, and manslaughter. When Franklin was arrested for the present offense, he was also a convicted felon in possession of a firearm and had a large amount of cocaine in his possession with a street value of approximately $2,650. At the time of the sentencing hearing, Franklin was serving a 75 year sentence at hard labor on an armed robbery charge. Under the circumstances of this case, the enhanced sentence of 40 years at hard labor is not inappropriate. See State v. Jones, 97-1057 (La.App. 5th Cir.3/11/98), 709 So.2d 308. The record clearly supports the sentencing choice. State v. Smith, 430 So.2d 31 (La.1983). Furthermore, the sentence imposed does not shock the sense of justice and is not a needless or purposeless infliction of pain and suffering. State v. Barnes, supra. Therefore, it is not constitutionally excessive. The assigned error lacks merit.

Assignment No. 4
The defendant contends that his conviction should be reversed because the trial court refused to grant a mistrial when Officer Johnson referred to inadmissible prior crimes by the defendant. During his direct examination, Officer Johnson stated that he arrested Franklin for possession with the intent to distribute and for possession of a firearm by a convicted felon. Defense counsel objected and asked for the jury to be excused. Defense counsel then requested a mistrial because by stating that Franklin was a convicted felon, the officer referred to an inadmissible prior crime by Franklin. After hearing arguments from the prosecution and the defense, the trial court denied the motion. When the jurors returned to the courtroom, the judge admonished them to disregard the officer's statement concerning what Franklin was arrested for.
The trial court is required to grant a mistrial, upon motion of the defendant, when a remark or comment about another inadmissible crime committed by the defendant is made by the judge, district attorney, or a court official. La.C.Cr.P. art. 770. A police officer is not a "court official," thus a request for a mistrial is governed by La.C.Cr.P. art. 771. State v. Harris, 28,517 (La.App.2d Cir.8/21/96), 679 So.2d 549, writ denied 96-2954 (La.9/26/97), 701 So.2d 975. Article 771 requires a trial judge to give the jury an admonition to disregard a remark or *584 comment which falls within the scope of art. 770, but is made by someone other than a judge, district attorney, or court official. The court may grant a mistrial if the admonition is not sufficient to assure the defendant a fair trial. Id. Mistrial is a drastic remedy which is warranted only when substantial prejudice would otherwise result to the accused. State v. Harris, supra. The determination of whether to grant a mistrial is within the sound discretion of a trial judge and should not be disturbed absent an abuse of that discretion. State v. Ingram, 29,172 (La. App.2d Cir.1/24/97), 688 So.2d 657, writ denied 97-0566 (La.9/5/97), 700 So.2d 505.
While the officer did make an inadmissible statement, his remark did not require the granting of a mistrial by the trial court. It was not a deliberate attempt to prejudice Franklin by painting him as a career criminal. See State v. Wesley, 28,941 (La.App.2d Cir.12/13/96), 685 So.2d 1169, writ denied 97-0279 (La.10/10/97), 703 So.2d 603; State v. Tatum, 506 So.2d 584 (La.App. 4th Cir.1987). The trial court was within its discretion in denying the mistrial and giving the jury an admonition to disregard Officer Johnson's comment about what Franklin was arrested for. In light of all the evidence offered against Franklin, this statement by the officer cannot be seen as denying the defendant a fair trial. The trial court was within its discretion in denying the mistrial.
We have reviewed the record for error patent, La.C.Cr.P. art. 920(2), but found none.

Conclusion
The conviction and sentence are affirmed.
NOTES
[1] Assignments of error neither briefed nor argued are deemed abandoned. URCA Rule 2-12.4; State v. Schwartz, 354 So.2d 1332 (La. 1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2 Cir.1989), writ denied 558 So.2d 1123 (1990).
[2] The police officers, who were normally detectives, were working overtime that night on traffic patrol as part of a Frost Grant, a federal grant used to put extra officers out in high crime areas.
[3] Defense also urged as an assignment of error that the trial court erred in excluding Franklin's mother's testimony as to what Franklin had told her following his arrest. This issue was not addressed in defense's briefs and as such is deemed abandoned. See supra note 1.
[4] This is the sentence as imposed by the trial court, but see La. R.S. 15:529.1.
[5] It is interesting to note that under the 1994 amendments, Franklin would be subject to a mandatory life imprisonment, without benefit of parole, probation, or suspension of sentence. La. R.S. 15:529.1 A(1)(c)(ii). See also State v. Keys, 29,369 (La.App.2d Cir.5/7/97), 694 So.2d 1107, writs denied 97-1387, 97-1497 (La.10/31/97), 703 So.2d 21.