956 So.2d 764 (2007)
STATE of Louisiana, Appellee
v.
Nathaniel MITCHELL, Appellant.
No. 41,931-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 2007.
*765 Louisiana Appellate Project, by Margaret S. Sollars, for Appellant.
Nathaniel Mitchell, Pro Se.
J. Schuyler Marvin, District Attorney, Sherburne Sentell, III, John M. Lawrence, Assistant District Attorneys, for Appellee.
Before STEWART, CARAWAY and MOORE, JJ.
MOORE, J.
Nathaniel Mitchell appeals his conviction and sentence for possession of cocaine and marijuana with intent to distribute. After a remand from this court, the district court resentenced him to 15 years at hard labor, including five years without benefits, on the cocaine charge, and five years at hard labor and a fine of $10,000 on the marijuana charge, but made these sentences concurrent instead of consecutive. For the reasons expressed, we amend the sentence to delete the fine but otherwise affirm.

Procedural Background
This court thoroughly recited the factual basis in Mitchell's initial appeal, State v. Mitchell, 37,916 (La.App. 2 Cir. 3/3/04), 869 So.2d 276, writ denied, XXXX-XXXX (La.9/24/04), 882 So.2d 1168, cert. denied, 543 U.S. 1068, 125 S.Ct. 905, 160 L.Ed.2d 801 (2005). For the present purposes, it suffices to note that Mitchell was driving an older model GMC van on Interstate 20 through Webster Parish when a sheriff's deputy stopped him for improper lane usage and suspected impaired driving. Because of Mitchell's evasive conduct, the deputy asked his consent to search the *766 van; Mitchell agreed. The search disclosed a fanny pack containing 36 individual bags of crack cocaine (three more were found in a subsequent search); six Baggies of marijuana; six marijuana "blunts"; $1,135.00 in currency; an Intratec 9mm handgun with a full magazine of 31 rounds; a .40 cal. Ruger pistol, with two loaded magazines, beside the driver's seat; and three bags of coffee beans.
Mitchell was arrested and charged with possession of cocaine with intent to distribute, La. R.S. 40:967; possession of marijuana with intent to distribute, La. R.S. 40:966; and two counts of conspiracy to commit these crimes, La. R.S. 40:979. A jury found him guilty as charged on all counts. The district court sentenced him to 15 years at hard labor (including two years without benefits) on the cocaine charge, and five years for conspiracy to commit this crime, to run concurrently; and 10 years at hard labor on the marijuana charge, and five years for conspiracy to commit that crime, to run concurrently; but ordered the cocaine and marijuana sentences to run consecutively. On appeal, this court affirmed the stop and search, as well as the sufficiency of the evidence on the charges of possession with intent to distribute. However, we reversed the conspiracy convictions and vacated all sentences, remanding the case for the district court to reconsider the length and consecutive nature of the sentences. State v. Mitchell, supra.
On remand, the district court sentenced Mitchell to 15 years at hard labor (including five years without benefits) on the cocaine charge; five years at hard labor, plus a fine of $10,000 and costs, on the marijuana charge; and made the sentences consecutive. Mitchell again appealed; in an unpublished opinion, this court again affirmed both convictions but vacated the sentences for failure to state a particular justification for consecutive imposition as required by La. C. Cr. P. art. 883; we also ordered the court to hold a hearing to determine indigency in accord with State v. Collins, 32,409 (La.App. 2 Cir. 9/22/99), 763 So.2d 618 (on rehearing). State v. Mitchell, 39,913 (La.App. 2 Cir. 8/17/05), 909 So.2d 45 (table).
On second remand, the district court imposed the same individual sentences: 15 years at hard labor (including five years without benefits) on the cocaine charge, and five years at hard labor, plus a $10,000 fine and costs, on the marijuana charge. However, the court directed these sentences to be concurrent instead of consecutive. Mitchell then took the instant appeal. He is represented by the Louisiana Appellate Project, but has also filed a pro se brief.

Discussion: Excessive Sentence
Both through counsel and pro se, Mitchell urges his sentence is excessive. He shows that the presentence investigation report ("PSI") recommended a sentence of no more than 10 years on each count, and moreover the PSI was riddled with factual errors. He contends that the district court failed to articulate any reasons for sentence, when in fact his criminal history, the small quantity of drugs found, and the legally registered firearms all prove he did not pose any unusual risk of danger to the public. He also submits that he is unable to pay the $10,000 fine because he has no independent assets and, upon his release, he will be 60 years old and have limited employment options because of his criminal record. He urges this court either to vacate the sentences previously imposed and remand for appropriate sentencing, or to enter appropriate sentences on its own.
The state responds that Mitchell's sentence is within statutory limits. It further argues that the concurrent five-year sentence for possession of marijuana with intent *767 to distribute was fully supported by sentencing factors considered upon original sentencing. The state contends that Mitchell poses a significant danger to public safety as a second offender who possessed two deadly firearms that could be used for violent purposes. The state also submits that the fine was authorized by La. R.S. 40:967 B(4)(b); further, Mitchell admitted having numerous industrial skills and technical certifications, and being gainfully employed from 1989 until 2000, and should thus be able to pay the fine.[1]
Appellate review of sentences for alleged excessiveness is a two-pronged inquiry. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines. State v. Smith, 433 So.2d 688 (La.1983); State v. Quiambao, 36,587 (La.App. 2 Cir. 12/11/02), 833 So.2d 1103, writ denied, XXXX-XXXX (La.5/16/03), 843 So.2d 1130. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article. State v. Lanclos, 419 So.2d 475 (La.1982). In other words, evidence elsewhere of record may clearly illumine the sentencing choice. State v. Davis, 449 So.2d 452 (La.1984); State v. Franklin, 31,068 (La.App. 2 Cir. 9/23/98), 719 So.2d 578, writ denied, 98-2982 (La.3/19/99), 739 So.2d 781. The court is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao, supra.
In the first appeal, this court "admonished the trial court to articulate more factors to support the consecutive sentences," and found, on first remand, that the court "only recited the same factors it stated in the original sentencing." Mitchell correctly shows that at the second resentencing, the court made no effort to expand on its earlier findings; however, because the court made the sentences concurrent, in accordance with the presumption of Art. 883, it was no longer required to fashion a particular justification for consecutive imposition. Instead, the court needed only to show adequate consideration of the guidelines of Art. 894.1, and the court's findings at the two prior hearings, related in detail in this court's two prior opinions, were sufficient to create a factual basis for sentence.
The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 92-3120 (La.9/10/93), 623 So.2d 1276; State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1753 (La.5/16/00), 769 So.2d 1158.
The instant concurrent sentences, though lengthy, do not shock the sense of justice. With the district court, we note several positive factors: Mitchell was a high school graduate, served in the Marine Corps from 1973 until 1989 with an honorable discharge, worked all his life and supported his four children. On the negative side, Mitchell is a second-felony offender, and the circumstances of these offenses  *768 the manner of packaging the crack and marijuana, the significant amount of cash, the two semiautomatic handguns with plenty of ammo  suggest some level of involvement in the drug trade. The sentence is not grossly disproportionate.
Mitchell next contends that the PSI contained errors upon which the district court relied in passing sentence. He correctly asserts that the defendant is entitled to review the PSI and traverse any errors it may contain. State v. Bosworth, 360 So.2d 173 (La.1978). However, the record does not show that Mitchell traversed his PSI or proved any errors therein beyond those omissions already noted by this court in the prior opinion. We perceive no prejudicial error. State v. Washington, 414 So.2d 313 (La.1982); State v. Helsley, 457 So.2d 707 (La.App. 2 Cir.1984).
Mitchell's complaint with the $10,000 fine, however, has merit. In our prior opinion, we directed the district court to hold a hearing pursuant to State v. Collins, supra, and stated, "If the trial court determines that Mitchell does not have the financial means to pay, it should delete the default jail time from Mitchell's sentence." At this hearing, Mitchell admitted that he was a certified diesel mechanic and technician, and would be able to get some kind of employment after his release. He also testified, however, that after six years in prison he lacked any income or assets. The district court stated, "The court does not believe that Mr. Mitchell has the financial means to pay a fine in this matter," but then it incongruously imposed the same fine as before.[2] The record fully supports the district court's initial finding that Mitchell is utterly without mean to pay; the imposition of the fine is an abuse of discretion. The sentence will be amended to delete it.
For the reasons expressed, Mitchell's sentence is amended to remove the imposition of the fine, but is otherwise affirmed.

Other Arguments
By his first pro se assignment of error, Mitchell urges that he received ineffective assistance of counsel. He raises a litany of perceived errors, but this court has already considered and rejected all claims of ineffective assistance at trial. State v. Mitchell, 37,916 at pp. 13-19, 869 So.2d at 286-289. We will not revisit them here. He further contends that appointed trial counsel was incompetent for failing to help him prepare a pro se brief in the second appeal, but the record shows that the Louisiana Appellate Project had already been appointed to represent him. Contrary to Mitchell's argument, there is no error or conflict of interest in trial counsel's failure to provide appellate representation.
By his third pro se assignment of error, Mitchell complains of "judicial prejudice." The gist of this diffuse argument seems to be that the district court allowed Mitchell to be represented by obviously incompetent trial counsel, thereby denying him a fair trial. Mitchell has not stated, however, any grounds which, if timely raised, would have warranted recusing the district court. La. C. Cr. P. art. 671. Mitchell has not even shown that the concept of judicial prejudice is recognized as a basis of appellate relief in Louisiana; his principal citation, Jones v. White, 992 F.2d 1548 (11 Cir.1993), cert. denied, 510 U.S. 967, 114 S.Ct. 448, 126 L.Ed.2d 381 (1993), rejected a claim of prosecutorial bias, and obviously has no bearing on the instant case. This assignment lacks merit.

Conclusion
Finally, we have reviewed the entire record and find nothing we deem error patent. *769 La. C. Cr. P. art. 920(2). For the reasons expressed, Nathaniel Mitchell's conviction is affirmed; the sentence is amended to remove the imposition of the fine, but is otherwise affirmed.
CONVICTION AFFIRMED; SENTENCE AMENDED AND AFFIRMED.
NOTES
[1] In its "Law and Argument" section, however, the State misstates the fine as $1,000; it is actually $10,000.
[2] The court did not specify jail time in default of payment, but this is implicit in any sentence that includes a fine or costs. La. C. Cr. P. art. 884.