Judgment rendered April 10, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,580-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

VICTOR J. DEMERY                    Appellant

* * * * *

Appealed from the
Thirty-Ninth Judicial District Court for the
Parish of Red River, Louisiana
Trial Court No. C-220126

Honorable Luke D. Mitchell, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Edward K. Bauman

JULIE C. JONES                    Counsel for Appellee
District Attorney

R. BENNETT LANGFORD, III
Assistant District Attorney

* * * * *

Before STEPHENS, HUNTER, and ELLENDER, JJ.

**ELLENDER, J.**

Victor Demery ("Demery") was convicted by jury of possession of a firearm by a convicted felon and sentenced to eight years at hard labor without benefits. He now appeals alleging the sentence imposed was unconstitutionally excessive and that he received ineffective assistance of counsel because no request was made to poll the jury, no evidence was introduced at his sentencing hearing, and no motion to reconsider sentence was made. Finding no merit in these arguments, we affirm.

## FACTS AND PROCEDURAL HISTORY

On May 3, 2022, Demery and Walter Johnson ("Johnson") were spotted by Red River Sherriff's Deputy Richard Powell as they drove away from the Coushatta Truck Stop Casino. Dep. Powell signaled for them to pull over because he knew that the driver, Demery, had outstanding warrants. Once stopped, Demery admitted there was a pistol in the car, resulting in his arrest for possession of a firearm by a convicted felon due to his 2013 conviction for distribution of marijuana. A subsequent search of the vehicle found a .40 cal. pistol under the driver's seat and a fully loaded 9mm below Johnson's seat. Demery did not deny ownership of the guns, nor did he claim they belonged to someone else, despite questioning by officers. Additionally, Johnson did not claim ownership of the weapons, even though he was also questioned about them.

Charged with two counts of possession of a firearm by a convicted felon, Demery was tried by jury and convicted in February 2023 of only one count. At trial, Johnson testified the guns belonged to him, but stated he did not claim ownership at the scene because officers did not specifically ask him that question. Instead, Johnson testified he was asked earlier that day by

Demery's son to see his guns. After showing them to the son, he said he put the weapons in Demery's vehicle, without telling him, then forgot about the guns being there.

Following his conviction, Demery received an eight-year hard labor sentence, without benefits, and no motion to reconsider sentence was filed. This appeal followed.

## DISCUSSION

### *Excessive Sentence*

Demery claims his 8-year sentence without benefits is excessive, arguing it is grossly out of proportion to the severity of his offense and ultimately shocks the sense of justice. Demery also asserts the trial court failed to consider La. C. Cr. P. art. 894.1 and any aggravating or mitigating factors.

A reviewing court applies a two-prong test to determine whether a sentence is excessive. First, we examine the record to see if the trial court used the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Simpson*, 55,304 (La. App. 2 Cir. 11/15/23), 374 So. 3d 1056. The goal of Art. 894.1 is an articulation of the factual basis for the sentence, not simply a mechanical compliance with its provisions. *State v. Lanclos*, 419 So. 2d 475 (La. 1982).

When a defendant fails to timely file a motion to reconsider sentence, the appellate court's review of the sentence is limited to a bare claim of constitutional excessiveness. *State v. Benson*, 53,578 (La. App. 2 Cir. 11/10/20), 305 So. 3d 135. Here, Demery did not make an oral request to

reconsider sentence at the sentencing hearing, nor did he file a written motion. Therefore, he did not preserve whether the trial court complied with La. C. Cr. P. art. 894.1, and thus, our review is limited to whether his sentence is unconstitutionally excessive. *State v. Dickerson*, 55,088 (La. App. 2 Cir. 6/28/23) 367 So. 3d 958; *State v. Cooksey*, 53,660 (La. App. 2 Cir. 5/26/21), 316 So. 3d 1284, *writ denied*, 21-00901 (La. 10/12/21), 325 So. 3d 1074.

A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166. A trial court has wide discretion to sentence within the statutory limits; absent a showing of manifest abuse of that discretion, such a sentence will not be set aside as excessive. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Fruge*, 14-1172 (La. 10/14/15), 179 So. 3d 579. The sentencing court is not limited to considering only prior convictions and may review all evidence of prior criminal activity, including evidence that would otherwise be inadmissible at trial, e.g., prior arrests, hearsay evidence of suspected criminal acts, conviction records, and evidence of uncharged or nol prossed offenses. *State v. Washington*, 414 So. 2d 313 (La. 1982); *State v. Dale*, 53,736 (La. App. 2 Cir. 1/13/21), 309 So. 3d 1031. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a

3

particular case, and, therefore, is given broad discretion in sentencing. *State v. Trotter*, 54,496 (La. App. 2 Cir. 6/29/22), 342 So. 3d 1116.

As noted, because Demery failed to file a motion to reconsider we are not required to review the trial court's compliance with Art. 894.1 but, considering the ineffective assistance of counsel claim about this failure, we will still address the issue. Demery correctly points out the trial court did not articulate its review of Art. 894.1, or state any aggravating or mitigating factors during sentencing; however, mechanical compliance with the provisions of Art. 894.1 is not required. We do note it is preferred, and expected, for the trial court to at least mention Art. 894.1 and give reference to some of its provisions in order for a reviewing court to properly ascertain compliance with the sentencing guidelines, even when the record clearly illumines justification for the sentence imposed. In this case, we are left with only the contents of the record and the PSI to determine if an eight-year sentence is proper for Demery.

The trial court's failure to adequately comply with Art. 894.1 does not, in and of itself, render a sentence invalid. The sentence can still be upheld if the evidence in the record clearly illumines the sentencing choice. *State v. Williams*, 397 So. 2d 1287 (La. 1981); *State v. Davis*, 449 So. 2d 452 (La. 1984); *State v. Mitchell*, 41,931 (La. App. 2 Cir. 5/9/07), 956 So. 2d 764. This record, including the evidence and testimony adduced at trial as well as the PSI, does clearly illumine justification for Demery's 8-year, near minimum, sentence. Demery was charged with two counts of possession of a firearm by a convicted felon, but was convicted of only one, and therefore, faced a minimum of five years and up to 20 years at hard labor without benefits, La. R.S. 14:95.1.

4

The PSI, which the trial court noted having reviewed prior to sentencing, along with its attachments, shed light on Demery's lengthy criminal history and his personal circumstances. During the PSI interview, Demery claimed to have a learning disability and was a continuous user of illegal substances such as marijuana, methamphetamine, and cocaine. Demery also said he was unemployed with four children. Demery's extensive criminal history is outlined in the PSI, which notes his multiple prior felony convictions and reflects five additional cases currently pending against him which involve numerous additional felony charges.

Based on the record before us, we conclude Demery's 8-year sentence was not excessive despite inadequate Art. 894.1 compliance. Demery's extensive criminal history, with multiple felony charges and convictions, shows he is certainly someone in need of correctional treatment. The PSI details Demery's age, family ties, marital status, health, education, employment and criminal record, all elements designated for sentencing consideration by the Louisiana Supreme Court in *State v. Jones*, 398 So. 2d 1049 (La. 1981), and echoed by this Court in *State v. Trotter*, *supra*. Although the trial court's comments at sentencing were minimal, it did preside over the trial and was therefore familiar with the facts and circumstances of this case.

The record provides more than ample support for the trial court's imposition of an 8-year sentence. Demery's sentence does not shock the sense of justice and is not unconstitutionally excessive.

This assignment lacks merit.

*Ineffective Assistance of Counsel*

Demery claims his trial counsel was ineffective for three separate reasons: (1) failing to poll the jury, (2) not offering any evidence at the sentencing hearing, and (3) failing to file a motion to reconsider sentence.

The Supreme Court set out the two-prong test for a defendant claiming ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984): that counsel's performance was deficient; and the deficiency prejudiced his defense. *State v. Hilliard*, 52,652 (La. 8/14/19), 278 So. 3d 1065, *writ denied*, 19-01701 (La. 7/24/20), 299 So. 3d 68. Both the Louisiana and federal constitutions guarantee a criminal defendant's right to the effective assistance of counsel. U.S. Const. art. VI; La. Const. art. 1, § 13; *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963); *State v. Brooks*, 94-2438 (La. 10/16/95), 661 So. 2d 1333; *State v. Bayles*, 53,696 (La. App. 2 Cir. 11/17/21), 329 So. 3d 1149. Under the standard for ineffective assistance of counsel set out in *Strickland v. Washington*, *supra*, adopted by Louisiana's Supreme Court in *State v. Washington*, 491 So. 2d 1337 (La. 1986), a reviewing court must reverse a conviction if the defendant establishes that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and counsel's inadequate performance prejudiced the defendant to the extent that the trial was rendered unfair and the verdict suspect. *State v. Ball*, 19-01674 (La. 11/24/20), 305 So. 3d 90; *State v. Bayles, supra*. Claims of ineffective assistance of counsel are more properly raised in an application for post-conviction relief in the trial court because this provides the opportunity for a full evidentiary hearing under La. C. Cr. P. art. 930. *State v. McGee*, 18-1052 (La. 2/25/19), 264 So. 3d 445;

6

*State v. Ward*, 53,969, (La. App. 2 Cir. 6/30/21), 324 So. 3d 231. When the record is sufficient, however, allegations of ineffective assistance of trial counsel may be resolved on direct appeal in the interest of judicial economy. *Id.* This record is sufficient to resolve Demery's claims.

Demery first alleges his appointed counsel was ineffective because he failed to poll the jury; however, there is nothing in the record to support the jury verdict was not unanimous or any other problem with the verdict. As part of the instructions given to the jury just prior to deliberations, the trial court said the following:

> Louisiana requires that all of you agree in order to return a verdict. When all of you are of the same opinion about the case that ends your deliberation.

The jury returned and delivered their verdict of guilty to count one, and not guilty to count two, reflecting all of them agreed and were of the same opinion on both counts. The need for jury polling has been significantly diminished since a unanimous verdict is now required to convict, and this jury was well aware of that requirement prior to deliberations. Counsel was not ineffective for failing to request polling.

Next, Demery submits counsel did not offer any evidence at the sentencing hearing. We again find this did not fall below the standard of reasonableness nor was it prejudicial. Demery does not provide any particular evidence that could have been offered as a mitigating factor. He received a near minimum sentence and trial counsel's decision not to offer any evidence during hearing may very well have been a tactical decision by counsel in order to obtain a more favorable outcome for Demery. Thus, we are not inclined to speculate if counsel should have offered evidence at sentencing. *State v. Brooks*, 505 So. 2d 714 (La. 1987); *State v. Anderson*,

7

13-42 (La. App. 3 Cir. 7/3/13), 116 So. 3d 1045, *writ denied*, 13-1806 (La. 5/16/14), 139 So. 3d 1019. Indeed, not only does this record fail to indicate a deficient performance by counsel on this issue, his silence may have preserved the very favorable low-end sentence Demery did receive.

Lastly, Demery claims his trial counsel was ineffective because he failed to file a motion to reconsider sentence. The mere failure to file a motion to reconsider is not, in and of itself, error. A basis for ineffective assistance of counsel may be found only if a defendant can show a reasonable probability that, but for counsel's error, his sentence would have been different. *State v. Jackson*, 52,606 (La. App. 2 Cir. 4/10/19), 268 So. 3d 1217, *writ denied*, 19-00699 (La. 10/15/19), 280 So. 3d 560, and *writ denied*, 19-00797 (La. 1/28/20), 291 So. 3d 1056. Demery did not establish that a motion to reconsider would have resulted in a different sentence. As was detailed in our discussion about Demery's sentence, the record clearly illumines justification for the sentence imposed.

This assignment of error lacks merit.

### *Error Patent*

Our error patent review indicates the sentence imposed is illegally lenient. The trial court failed to impose the mandatory fine set forth in La. R.S. 14:95.1, of not more than $5,000. La. C. Cr. P. art. 882(A) provides that an illegally lenient sentence may be corrected at any time by an appellate court on review, despite the failure of either party to raise the issue. *State v. Kuykendall*, 55,288 (La. App. 2 Cir. 9/27/23), 372 So. 3d 912. This Court, however, is not required to take such action. *State v. Young*, 46,575 (La. App. 2 Cir. 9/21/11), 73 So. 3d 473, *writ denied*, 11-2304 (La. 3/9/12), 84 So. 3d 550.

8

The state did not object to the error and Demery is not prejudiced in any way by the trial court's failure to impose the mandatory fine.  Demery was represented by an indigent defender during his trial and is now represented by the Louisiana Appellate Project.  Given the state's failure to object and no prejudice, coupled with Demery's obvious indigent status, we decline to remand in order to impose such a fine.

## CONCLUSION

For the reasons expressed, we affirm Demery's conviction and sentence.

**AFFIRMED.**