981 So.2d 200 (2008)
STATE of Louisiana, Appellee,
v.
Joseph Walter SMITH, Appellant.
No. 43,136-KA.
Court of Appeal of Louisiana, Second Circuit.
April 23, 2008.
James E. Beal, Louisiana Appellate Project, for Appellant.
J. Schuyler Marvin, District Attorney, John M. Lawrence, Dale M. Montgomery, II, Assistant District Attorney, for Appellee.
Before BROWN, PEATROSS, and LOLLEY, JJ.
BROWN, Chief Judge.
Defendant, Joseph Walter Smith, was convicted of possession of methamphetamine, *201 a Schedule II controlled dangerous substance, and sentenced to four years at hard labor. Defendant appeals, urging one assignment of error. For the reasons set forth above, we affirm defendant's conviction and sentence.

Facts
On the night that Hurricane Rita blew through the Shreveport-Bossier City area, September 24, 2005, Bossier Parish Sheriff's Deputy Tad Cahn received a dispatch about a possible disturbance at the Southgate trailer park. Specifically, Deputy Cahn was advised that a red pickup truck was driving around the mobile home park and that a white male was going door-to-door trying to start a fight with residents. As Dy. Cahn entered the trailer park, he observed a red Chevrolet extended cab truck parked at the Citgo gas station just south of the trailer park. Because of the severe weather, there were few vehicles on the road at that time.
Once at the mobile home park, Dy. Cahn spoke with an unidentified witness who told him that the red extended cab Chevy truck that had been driving through the trailer park had left a few minutes earlier. Deputy Cahn decided to head back to the Citgo station since the truck he saw minutes earlier matched the witness's description.
As Dy. Cahn proceeded toward the park's exit, he noticed a red extended cab pickup truck parked in the driveway of Unit No. 9, which Dy. Cahn knew to be vacant.[1] Deputy Cahn pulled in behind the truck to investigate and observed four occupants in the truck. Deputy Cahn first spoke with the passenger in the rear right seat, David Alford, and, because Alford was evasive and nervous, the officer frisked him for weapons. During the pat-down search, Dy. Cahn discovered a "dugout" pipe, some .380 caliber bullets, electronic scales, and what he suspected to be illegal drugs. The driver of the red truck, Patricia Cole, consented to a search of the vehicle. Police officers subsequently found a .380 caliber pistol in the middle of the back seat, drug paraphernalia, and some suspected marijuana and methadone in the truck. All four occupants were placed under arrest. Alford and one of the passengers were placed in one patrol unit while defendant and Patricia Cole were handcuffed and placed in the back seat of another unit.
Police later discovered a bag containing 1.7 grams of suspected methamphetamine or "ice" stuffed in the back seat of the patrol car, in between where defendant and Ms. Cole had been sitting. Defendant was Mirandized and questioned by Bossier Parish Sheriff's Deputy Shawn Phillips. Defendant admitted that the bag found in the patrol unit contained methamphetamine, that the methamphetamine was his, and that he had handed the bag to Ms. Cole to hide while they were in the patrol unit.
Defendant and his three companions were charged with multiple offenses by separate bills of information. A jury trial was held on the instant charge, possession of methamphetamine, on August 30-31, 2006. After considering the testimony and evidence, the jury found defendant guilty as charged. On July 27, 2007, defendant was sentenced to four years' imprisonment at hard labor. This appeal ensued.

Discussion
Defendant's sole assignment of error is that the trial court erred in denying his motion for mistrial.
*202 During the direct examination of Bossier Parish Sheriff's Deputy Shawn Phillips by the assistant district attorney, the following exchange took place:
ADA Montgomery: What statements, if any, did [defendant] give you [during custodial interrogation]?
Deputy Phillips: Stated that he does use methamphetamine and marijuana. I asked him about the bag that was recovered from the back of the car and he admitted that the bag of meth did belong to him; that he pulled it out and was going to get Patricia to hide it but  various statements that Patricia did hide [it] for him, Patricia Cole.
. . .
ADA Montgomery: Okay. Did he make any other statements to you regarding anything?
Deputy Phillips: He  I asked him about the gun and he told me he was a convicted felon and he said, no, he didn't know about the gun. He did advise that the drug paraphernalia and stuff that was in the truck did belong to him.
At that point, a bench conference ensued, and, outside the presence of the jury, defense counsel orally moved for a mistrial based on Deputy Phillips' reference to defendant being a convicted felon. The trial court ultimately denied the motion for mistrial but agreed to admonish the jury to disregard Dy. Phillips' last answer in its entirety, if defendant so wished. No further mention of defendant's convicted felon status was made thereafter during the trial.
Defendant argues that his conviction should be reversed because of the trial court's failure to grant a mistrial. According to defendant, by referencing his status as a convicted felon, Dy. Phillips adverted to an inadmissible prior crime by defendant, making it impossible for defendant to obtain a fair trial.
La. C.E. art. 404(B) provides that evidence of other crimes, acts or wrongs is generally not admissible. La. C. Cr. P. art. 770(2) provides that a mistrial shall be granted upon motion of the defendant when a remark or comment is made within the hearing of the jury by the judge, district attorney, or a court official during trial or in argument and that remark refers to another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible. State v. Ellis, 42,520 (La.App.2d Cir.09/26/07), 966 So.2d 139. For purposes of article 770, a law enforcement officer is not considered a "court official," and an unsolicited, unresponsive reference to other crimes evidence made by a law enforcement officer is not grounds for a mandatory mistrial under La. C. Cr. P. art. 770. State v. Ellis, supra; State v. Scott, 34,949 (La.App.2d Cir.01/25/02), 823 So.2d 960, writ denied, 02-1622 (La.05/16/03), 843 So.2d 1122.
La. C. Cr. P. art. 771 sets forth permissive grounds for requesting an admonition or a mistrial when a prejudicial remark is made on grounds that do not require automatic mistrial under article 770. La. C. Cr. P. art. 775 also sets forth additional permissive grounds for mistrial. Under these articles, mistrial is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. State v. Ellis, supra. Moreover, mistrial is a drastic remedy which is only authorized where substantial prejudice will otherwise result to the accused. State v. Kemp, 39,358 (La.App.2d Cir.03/11/05), 896 So.2d 349, writ denied, 05-0937 (La.12/09/05), 916 So.2d 1052. A trial court's ruling denying *203 mistrial will not be disturbed absent an abuse of discretion. State v. Givens, 99-3518 (La.01/17/01), 776 So.2d 443, appeal after remand, 04-0765 (La.App. 4th Cir.10/27/04), 888 So.2d 329, writ denied, 04-2919 (La.03/18/05), 896 So.2d 1003, cert. denied, 546 U.S. 867, 126 S.Ct. 154, 163 L.Ed.2d 154 (2005); State v. Taylor, 30,310 (La.App.2d Cir.02/25/98), 709 So.2d 883.
Even if a mistrial was warranted under article 770, 771, or 775, the failure to grant a mistrial would not result in an automatic reversal of defendant's conviction, but would be a trial error subject to the harmless error analysis on appeal. State v. Givens, supra; State v. Johnson, 94-1379 (La.11/27/95), 664 So.2d 94. Trial error is harmless where the verdict rendered is "surely unattributable to the error." State v. Johnson, supra.
In the instant case, there is no evidence that Deputy Phillips' statement was deliberately solicited by the ADA, who specifically told the trial judge that he did not intend for the statement about defendant being a convicted felon "to come out." Furthermore, the prosecutor sought a preliminary ruling from the trial judge prior to the beginning of trial concerning whether he could elicit testimony about the other evidence found in the car, i.e., the gun, marijuana, and drug paraphernalia. In this discussion, the state's attorney expressly noted to the judge that he would not ask about "other crimes evidence." In an advisory ruling, the trial judge said that he would be inclined to permit questions about the gun and other evidence found in the truck but reserved the right to limit the questions depending on the circumstances.
Based on these facts, the trial court properly found that Deputy Phillips' remarks could not be imputed to the ADA for purposes of La. C. Cr. P. art. 770(2). While we agree with the trial judge that the prosecutor's question to Dy. Phillips could have been more narrowly focused to avoid any discussion about defendant's status as a convicted felon, the context of the questioning supports the ADA's position that he was trying to elicit testimony about defendant's admission concerning ownership of the drug paraphernalia and "stuff" found in the truck, not his statement about being a convicted felon.
There is also no showing of a pattern of unresponsive answers or improper intent by Dy. Phillips. If anything, his remark at trial was responsive to the question asked, although it went beyond that anticipated by the ADA.[2] Deputy Phillips simply reiterated a purported statement made by defendant during custodial interrogation. The record reveals that defendant's statement to the officer was made in connection with the deputy's inquiry about defendant's knowledge of the gun found in the car. Deputy Phillips did not testify that defendant was in fact a convicted felon, only that defendant told the deputy that he was when he denied knowledge of the gun's presence in the truck at the time of his arrest. Deputy Phillips also made no reference to the nature of the prior conviction and did not further elaborate in his answer. Generally, ambiguous or obscure references to other crimes made without explanation or elaboration do not prejudice the defendant. State v. Kemp, supra.
The record supports the trial judge's ruling that a mandatory mistrial under *204 article 770 was not warranted and that an admonishment under article 771 was the appropriate remedy. After defendant agreed with the language of the proposed admonishment, although still noting his objection to the court's refusal to grant a mistrial, the jury was instructed to disregard the last answer that was given by Dy. Phillips. The admonishment did not reference the objectionable content of the last answer, and the trial court refused to allow the state to re-ask Dy. Phillips about the remaining, non-objectionable statements referenced in his last answer.
This court has previously upheld a trial court's refusal to grant a mistrial where a police officer makes reference during trial to the fact that the defendant is a "convicted felon." See State v. Franklin, 31,068 (La.App.2d Cir.09/23/98), 719 So.2d 578, writ denied, 98-2982 (La.03/19/99), 739 So.2d 781 (defendant was not entitled to a mistrial based on police officer's reference during direct examination that defendant was a "convicted felon" because the trial court gave the jury an admonition to disregard the officer's comment and the remark was not a deliberate attempt to prejudice defendant by painting him as a career criminal). There is absolutely no showing that the trial court abused its discretion by denying a mistrial in this case.
In any event, any purported error by the trial court's refusal to grant a mistrial was harmless. The uncontroverted evidence demonstrated that defendant was in possession of a Schedule II controlled dangerous substance. During his custodial interrogation by Dy. Phillips, defendant admitted that the bag containing suspected methamphetamine was his, and that while they were in the back of the patrol unit he handed the methamphetamine to Patricia Cole to hide. This was corroborated by Ms. Cole's testimony. The crime lab report established that the drugs were in fact methamphetamine. The jury's verdict was surely unattributable to the improper reference about defendant being a convicted felon, making such reference harmless.
This assignment is without merit.

Conclusion
For the reasons set forth above, defendant's conviction and sentence are AFFIRMED.
NOTES
[1] Dy. Cahn testified that the occupants of that particular unit had been evicted only days earlier.
[2] During pretrial proceedings, defendant filed a motion to suppress his statements as being involuntary. At the suppression hearing, Dy. Phillips was asked about defendant's inculpatory statements and did not testify that defendant told him that he was a convicted felon. He merely stated that defendant admitted that the methamphetamine and drug paraphernalia were his. Presumably, the ADA expected the same or a similar answer at trial.