PEATROSS, J.
 

 | j Defendant, Christopher Antrell Bernard, was charged with distribution of cocaine, found guilty as charged by a jury and was sentenced to 11 years of imprisonment at hard labor with credit for time served. A timely motion for reconsideration of sentence was denied and this appeal ensued. For the reasons stated herein, Defendant’s conviction and sentence are affirmed.
 

 FACTS
 

 With the assistance of a confidential informant (“C.I.”), Narcotics Agent David Boudreaux planned to make a narcotics purchase from a supplier identified by the C.I. The transaction was arranged to take place on May 31, 2007, in the parking lot of the Bass Pro Shop located at the Louisiana Boardwalk in Bossier City, Louisiana. The C.I. told Agent Boudreaux that he would have to purchase at least an “eight ball” of cocaine from the supplier, who the C.I. identified as Defendant, Chris “Bucket Head” Bernard. Agent Boudreaux and the C.I. arrived at the arranged location and found Defendant waiting, as he had indicated, with his car hood open. The C.I. called Defendant to Agent Bou-dreaux’s vehicle for the transaction. When Defendant walked to the vehicle, Agent Boudreaux briefly talked to him and Defendant handed to Agent Boudreaux what was believed to be cocaine in exchange for $100. Defendant returned to his vehicle and left the area. Agent Bou-dreaux transferred the substance received from Defendant into evidence. Subsequent testing determined that the substance contained cocaine.
 

 IsAgent Boudreaux attempted to make additional purchases from Defendant, but was unable to do so. Thereafter, a warrant was issued for Defendant’s arrest.
 

 Defendant was subsequently arrested and charged with distribution of cocaine. As previously stated, a jury found Defendant guilty as charged and Defendant was sentenced to 11 years’ imprisonment. This appeal ensued.
 

 DISCUSSION
 

 Assignment of Error Number One (verbatim):
 
 The state failed to prove that Christopher Antrell Bernard was guilty of distribution of cocaine beyond a reasonable doubt.
 

 Defendant argues that the State failed to present sufficient evidence to convict him in that the State failed to negate the reasonable probability of misidentification. Defendant emphasizes that his identifica
 
 *185
 
 tion was made by the agent months after the drug transaction. Further, Defendant challenges the agent’s testimony regarding a tattoo as an identifying mark on Defendant’s forearm. He argues that the presence of a tattoo was not previously listed by the agent in police reports or the arrest warrant as an identifying mark. Defendant also claims that there was no physical evidence that connected him to the charged offense.
 

 The State maintains that it presented sufficient evidence to establish the essential elements of the charged offense. Specifically, the State asserts that the testimony of Agent Boudreaux identifying Defendant as the individual who sold him the cocaine was sufficient to support the conviction. We agree.
 

 |sThe standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 01-1658 (La.5/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004);
 
 State v. Carter,
 
 42,894 (La.App. 2d Cir.1/9/08), 974 So.2d 181,
 
 writ denied,
 
 08-0499 (La.11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 05-0477 (La.2/22/06), 922 So.2d 517;
 
 State v. Dotie,
 
 43,819 (La.App. 2d Cir.1/14/09), 1 So.3d 833. The appellate court does not assess the credibility of witnesses or reweigh evidence.
 
 State v. Smith,
 
 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part.
 
 State v. Eason,
 
 43,788 (La.App. 2d Cir.2/25/09), 3 So.3d 685;
 
 State v. Hill,
 
 42,025 (La.App. 2d Cir.5/9/07), 956 So.2d 758,
 
 writ denied,
 
 07-1209 (La.12/14/07), 970 So.2d 529.
 

 In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion.
 
 State v. Gullette,
 
 43,032 (La.App. 2d Cir.2/13/08), 975 So.2d 753;
 
 State v. Burd,
 
 40,480 (La.App. 2d Cir.1/27/06), 921 So.2d 219,
 
 writ denied,
 
 06-1083 (La.11/9/06), 941 So.2d 35. This is equally applicable to the testimony of undercover drug agents.
 
 State v. Anderson,
 
 30,306 (La.App. 2d Cir.1/21/98), 706 So.2d 598.
 

 In cases involving a defendant’s claim that he was not the person who committed the crime, the
 
 Jackson
 
 rationale requires the state to negate any reasonable probability of misidentification in order to carry its burden of proof.
 
 State v. Hughes,
 
 05-0992 (La.11/29/06), 943 So.2d 1047;
 
 State v. Powell,
 
 27,959 (La.App. 2d Cir.4/12/96), 677 So.2d 1008,
 
 writ denied,
 
 96-1807 (La.2/21/97), 688 So.2d 520.
 

 Positive identification by only one witness may be sufficient to support a defendant’s conviction.
 
 State v. Youngblood,
 
 41,976 (La.App. 2d Cir.5/9/07), 957 So.2d 305,
 
 writ denied,
 
 07-1226 (La.12/14/07), 970 So.2d 530;
 
 State v. Davis,
 
 27,961 (La.App. 2d Cir.4/8/96), 672 So.2d 428,
 
 writ denied,
 
 97-0383 (La.10/31/97), 703 So.2d 12;
 
 State v. Miller,
 
 561 So.2d 892 (La.App. 2d Cir.1990),
 
 writ denied,
 
 566 So.2d 983 (La.1990).
 

 An individual is guilty of distribution of cocaine when he transfers possession or control of the cocaine to his intended recipient. The state must show (1)
 
 *186
 
 delivery or physical transfer, (2) guilty knowledge of the controlled dangerous substance at the time of transfer and (3) the exact identity of the controlled dangerous substance.
 
 State v. Kelley,
 
 36,602 (La.App. 2d Cir.1/29/03), 836 So.2d 1243;
 
 State v. Manning,
 
 30,809 (La.App. 2d Cir.6/24/98), 715 So.2d 668.
 

 | fiAgent Boudreaux testified during the trial and related that the C.I. set up the “dope deal” for him. Agent Boudreaux stated that it was not uncommon for individuals who had outstanding cases to agree to assist the officers in purchasing drugs from a supplier. In this instance, the C.I. had “about four distribution warrants that we had on him and basically it was he go [sic ] to jail or he start [sic ] doing some work for us.” The C.I. agreed to set up the deal and told Agent Boudreaux that the deal would have to be for at least “an eight ball of crack cocaine
 
 [1]
 
 ” because the person would not deliver anything less than that amount. Defendant was contacted and arranged to meet Agent Boudreaux and the C.I. in the parking lot of the Bass Pro Shop. Defendant told the C.I. that he would be in the parking lot with his car’s hood open.
 

 Agent Boudreaux and the C.I. went to the designated area around 7:00 p.m. and saw a car with its hood raised. They parked in the parking space across from the vehicle. Agent Boudreaux testified that the C.I. called Defendant over to the agent’s vehicle. Agent Boudreaux told the C.I. to open the passenger door and move over onto the middle seat, anticipating that Defendant would get into the vehicle to conduct the transaction. Agent Bou-dreaux stated that he preferred to get the subject as close to him as possible during a transaction to aid in making an identification. Defendant did not get into the vehicle; however, Agent Boudreaux indicated he was not more than four feet away from Defendant during the transaction. Agent Boudreaux testified that he was able to get a | figood view of Defendant’s face, as well as a tattoo on Defendant’s left arm. Agent Boudreaux stated that the tattoo was lettering which read “D-E-E B-L-K.” Defendant showed his tattoo to the jury at this time.
 

 Agent Boudreaux confirmed that Defendant had the same tattoo that he saw on the day of the drug transaction and he identified Defendant in court as the person who sold him the cocaine. Agent Bou-dreaux described the transaction for the jury, stating that, when Defendant arrived at the vehicle, he asked him, “Okay, you got me? Are we good? Yeah. He [the defendant] handed me 2.9 grams of crack cocaine. I handed him a hundred dollar bill.” After making the purchase, Agent Boudreaux sealed the evidence and it was later identified as cocaine by the crime lab.
 

 Agent Boudreaux further testified that Defendant was not arrested on the day of the transaction because Agent Boudreaux wanted to attempt to make other purchases from him, hoping that this would provide some leverage to be used against Defendant as incentive for him to cooperate in a future investigation. After he was unable to set up additional purchases from Defendant, Agent Boudreaux concluded that Defendant “hinked up,” meaning that he got nervous about conducting subsequent transactions with him. A warrant was eventually issued for Defendant’s arrest and the warrant was executed while Defendant was in custody in Shreveport.
 

 Agent Boudreaux was the only witness at trial. The State rested at the conclusion of his testimony and the defense presented no evidence.
 

 
 *187
 
 We conclude that the State sufficiently proved the essential elements of the charged offense. The State was required to prove delivery or physical |7transfer, guilty knowledge of the controlled dangerous substance at the time of transfer and the exact identity of the controlled dangerous substance.
 
 State v. Kelley, supra.
 
 Through the testimony of Agent Bou-dreaux, the State showed that Agent Bou-dreaux and a cooperating C.I. arranged to purchase an “eight ball of cocaine” from Defendant. Defendant was waiting at the prearranged location and transferred what was suspected to be cocaine to Agent Bou-dreaux in exchange for $100. The substance Agent Boudreaux received from Defendant was tested and determined to contain cocaine. The testimony of Agent Boudreaux alone was sufficient to establish the essential elements of the offense.
 

 Defendant argues that Agent Boudreaux did not sufficiently identify him and that the failure to list his tattoo in a police report or warrant was an indication that Defendant’s identity was not known at that time. The fact that this information was not listed does not negate the fact that Agent Boudreaux testified that he was approximately four feet from Defendant during the transaction and there was sufficient lighting to see Defendant at that time. Agent Boudreaux also testified he knew Defendant had the tattoo before he met Defendant for the drug purchase. Agent Boudreaux indicated he was able to identify the tattoo at the time of the transaction, essentially confirming Defendant’s identity at the time of the purchase. The delay in the arrest of Defendant does not taint the identification made by the agent. Further, the State sufficiently negated the possibility of misidentification of Defendant.
 

 This assignment of error is without merit.
 

 IsAssignment of Error Number Two (verbatim):
 
 The trial court failed to comply with code of criminal procedure 894.1 in fashioning a sentence to this offender and offense.
 

 Defendant argues that the trial court failed to give any consideration to Defendant’s personal history and the mitigating factors of the case. We disagree.
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Swayzer,
 
 43,350 (La.App. 2d Cir.8/13/08), 989 So.2d 267,
 
 writ denied,
 
 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Ates,
 
 43,327 (La.App. 2d Cir.8/13/08), 989 So.2d 259,
 
 writ denied,
 
 08-2341 (La.5/15/09), 8 So.3d 581.
 

 
 *188
 
 Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 01-2574 (La. 1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 01-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379;
 
 State v. Bradford,
 
 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
 

 There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Swayzer, supra; State v. Shumaker,
 
 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 07-0144 (La.9/28/07), 964 So.2d 351.
 

 In the case
 
 sub judice,
 
 Defendant argues that the trial court failed to consider his personal history and focused only on his criminal history when determining his sentence. Defendant also argues that the trial court did not consider mitigating factors in this case. Defendant does not specify, however, what mitigating factors were not, but should have been, considered by the trial court.
 

 11 oDuring the sentencing hearing, the trial judge noted that a presentence investigation had been ordered and he specifically stated that the results of the PSI were received and considered in accordance with C. Cr. P. art. 894.1 guidelines. The trial judge also noted that he gave the greatest weight to the seriousness of the offense, as well as Defendant’s prior criminal record. The judge noted that Defendant had one other felony conviction in addition to pending federal charges. Defendant’s criminal history also included seven misdemeanor convictions that were not traffic related.
 

 The trial judge stated that bench warrants had been issued for Defendant in most of his cases, finding that this indicated that Defendant had a general inability to comply with basic legal rules and regulations. It was also noted that Defendant continued to deny his guilt and, thus, refused to accept responsibility for his actions. The trial judge also considered the fact that Defendant was classified as a second-felony offender, and, if a habitual offender bill of information was filed, Defendant’s minimum sentence would be 15 years. The record further indicates that the trial judge considered all of the aforementioned factors and determined that a fair and appropriate sentence for Defendant was 11 years at hard labor.
 

 The record clearly reflects that the trial judge was cognizant of the factors that should be considered in fashioning an appropriate sentence for this defendant. This sentence is not grossly disproportionate when the crime and punishment are viewed in light of the harm done to society, and does not the sentence shock the sense of justice.
 

 This assignment of error is without merit.
 

 ^Assignment of En~or Number Three (verbatim):
 
 The trial court erred in denying defense motion for mistrial based on testimony of Agent David Boudreaux that appellant was in jail in Shreveport on other charges when he was arrested for this offense.
 

 Defendant argues that a mistrial should have been declared in the case after Agent Boudreaux made two references to Defendant being in jail and having other charges prior to the arrest for the instant offense. The following exchange is the basis for Defendant’s motion for mistrial:
 

 
 *189
 
 State: When did you come into contact with him [the defendant] or did you — -did you identify him after he was re-arrested?
 

 Agent Broudeaux[Boudreaux]: Yes, sir, I did.
 

 State: How did that come about?
 

 Agent: Well, I found out that he was in a Shreveport jail, had been arrested on charges over there, so I went over there and had them pull his booking picture. Defense counsel: Your Honor, I’m going to have to object for 404B relevance, Your Honor.
 

 During cross-examination, the following exchange occurred:
 

 Defense counsel: Oh, okay. All right. Do you have any information on why he was arrested nine months later?
 

 Agent Boudreaux: I believe he was down in Houston. Don’t quote me on that. But he had left the area and he was brought back up here, like I said, on charges from Shreveport and that’s when I found out he was in the Shreveport Jail and that’s when I went over there and served the warrant on him.
 

 Shortly after both sides rested them case, the jury was removed and the court briefly recessed. After the recess, the judge indicated the parties needed to discuss whether the court could provide the jury with a copy of the jury charges and the responsive verdicts sheet for review as the court charged the jury. Defense counsel then requested permission to approach 112the judge and an off-the-record bench conference was held. Once back on the record, defense counsel moved for a mistrial:
 

 Your honor, at this time, I would like to make a motion for a — an oral motion for a mistrial. During the examination of one of the state’s witnesses the witness alluded to an arrest and prior acts of criminal activity during his testimony. That evidence is inadmissible, your hon- or. And I believe it was extremely prejudicial to the jury and I believe it could even be inferred that he had other drug charges in other parishes. And I think it’s going to affect their outcome when they deliberate, your honor.
 

 The motion was denied and the trial judge found that any reference to other acts' was only made in an attempt to “better explain” the answers being provided. The trial judge ruled that the prejudicial value of any inadvertent reference to other acts was not such to merit a mistrial. The judge noted that the jury would be instructed to disregard anything to which an objection was made and sustained. The judge also found that any other action would call attention to the testimony. The defense objected to the trial court’s ruling. A portion of the jury charges stated:
 

 The evidence which you should consider consists of testimony of witnesses and of exhibits, such as writings and physical objects which the court has permitted the parties to introduce. You must not consider any evidence which was not admitted, or which you were instructed to disregard, or to which an objection was made and sustained.
 

 The law in this area is well settled. As this court stated in
 
 State v. Smith,
 
 43,136 (La.App. 2d Cir.4/23/08), 981 So.2d 200:
 

 La. C.E. art. 404(B) provides that evidence of other crimes, acts or wrongs is generally not admissible. La. C. Cr. P. art. 770(2) provides that a mistrial shall be granted upon motion of the defendant when a remark or comment is made within the hearing of the jury by the judge, district attorney, or a court official during trial or in argument and that remark refers to another crime committed or alleged to have been committed by [ igthe defendant as to which evidence
 
 *190
 
 is not admissible. For purposes of article 770, a law enforcement officer is not considered a “court official,” and an unsolicited, unresponsive reference to other crimes evidence made by a law enforcement officer is not grounds for a mandatory mistrial under La. C. Cr. P. art. 770.
 

 La. C. Cr. P. art. 771 sets forth permissive grounds for requesting an admonition or a mistrial when a prejudicial remark is made on grounds that do not require automatic mistrial under article 770. La. C. Cr. P. art. 775 also sets forth additional permissive grounds for mistrial. Under these articles, mistrial is at the discretion of the trial court and should be granted only where the prejudicial remarks of the witness make it impossible for the defendant to obtain a fair trial. Moreover, mistrial is a drastic remedy which is only authorized where substantial prejudice will otherwise result to the accused. A trial court’s ruling denying mistrial will not be disturbed absent an abuse of discretion. Even if a mistrial was warranted under article 770, 771, or 775, the failure to grant a mistrial would not result in an automatic reversal of defendant’s conviction, but would be a trial error subject to the harmless error analysis on appeal. Trial error is harmless where the verdict rendered is “surely unattributable to the error.” (Internal citations omitted.)
 

 Further, La. C. Cr. P. art. 771 provides that the court shall promptly admonish the jury to disregard a remark or comment, on motion of the defendant or the state.
 

 We find Defendant’s argument to be without merit. While Defendant raised an objection to the agent’s comments during direct testimony, a motion for mistrial was not made until after both parties rested their respective cases. As the comment made would not be within the ambit of a mandatory mistrial in accordance with La. C. Cr. P. art. 770, Defendant’s initial remedy would have been to request that the trial court admonish the jury to disregard the statements. Defendant did not make such a request of the court. Since Defendant’s request for a mistrial was not made until some 114time after the alleged prejudicial statements, the trial judge rightfully concluded that any action taken after the objection was raised could bring undue attention to the statements. Further, the court was not required to admonish the jury as Defendant did not make a request for an admonishment.
 
 State v. Sudds,
 
 43,-689 (La.App. 2d Cir.12/3/08), 998 So.2d 851. As there has been no showing of substantial prejudice to Defendant, it cannot be said that the trial court abused its discretion in denying Defendant’s motion for a mistrial.
 

 Pro Se Assignment of Eyror Number One:
 
 Ineffective assistance of counsel.
 

 Defendant filed a brief,
 
 pro se,
 
 on appeal in which he argues that his trial counsel was ineffective in that he failed to compel the State to produce and/or disclose the identity of the C.I. Defendant argues that the C.I. did not exist and, had his attorney attempted to subpoena the C.I., this fact would have been revealed. Additionally, Defendant states that his attorney failed to address the issue at the preliminary examination phase of the proceedings thereby subjecting him to a trial in the matter. Defendant also argues that, without the use of the C.I. at trial, the State presented insufficient evidence to convict him as there was no evidence of marked currency, audio or video taping, DNA or fingerprints to reasonably link him to the alleged sale of the narcotics.
 

 As a general rule, a claim of ineffective assistance of counsel is more properly raised in an application for post-conviction relief (“PCR”) in the trial court
 
 *191
 
 than by appeal. This is because PCR creates the opportunity for a full evidentia-ry hearing under La. C. Cr. P. art. 930.
 
 State ex rel. Bailey v. City of West Monroe,
 
 418 So.2d 570 (La.1982);
 
 State v. Ellis,
 
 42,520 (La.App. 2d Cir.9/26/07), 966 So.2d 139,
 
 writ denied,
 
 07-2190 (La.4/4/08), 978 So.2d 325. A motion for new trial is also an accepted vehicle by which to raise such a claim.
 
 Id.
 
 When the record is sufficient, this issue may be resolved on direct appeal in the interest of judicial economy.
 
 State v. Ratcliff,
 
 416 So.2d 528 (La.1982);
 
 State v. Willars,
 
 27,394 (La.App. 2d Cir.9/27/95), 661 So.2d 673.
 

 The right of a defendant in a criminal proceeding to the effective assistance of counsel is mandated by the Sixth Amendment to the U.S. Constitution.
 
 State v. King,
 
 06-1903 (La.10/16/07), 969 So.2d 1228;
 
 State v. Wry,
 
 591 So.2d 774 (La.App. 2d Cir.1991). A claim of ineffectiveness of counsel is analyzed under the two-prong test developed by the United States Supreme Court in
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 To establish that his attorney was ineffective, a defendant first must show that counsel’s performance was deficient. This requires a showing that counsel made errors so serious that he was not functioning as the “counsel” guaranteed the defendant by the Sixth Amendment. The relevant inquiry is whether counsel’s representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal cases.
 
 Strickland, supra.
 
 The assessment of an attorney’s performance requires his conduct to be evaluated from counsel’s perspective at the time of the occurrence. A reviewing court must give great deference to trial counsel’s judgment, |1Rtactical decisions and trial strategy, strongly presuming he has exercised reasonable professional judgment.
 
 State v. Grant,
 
 41,745 (La.App. 2d Cir.4/4/07), 954 So.2d 823,
 
 writ denied,
 
 07-1193 (La.12/7/07), 969 So.2d 629;
 
 State v. Moore,
 
 575 So.2d 928 (La.App. 2d Cir. 1991). Also
 
 State v. Tilmon,
 
 38,003 (La. App. 2d Cir.4/14/04), 870 So.2d 607,
 
 writ denied,
 
 04-2011 (La.12/17/04), 888 So.2d 866.
 

 Second, a defendant must show that counsel’s deficient performance prejudiced his defense. This element requires a showing that the errors were so serious as to deprive the defendant of a fair trial,
 
 i.e.,
 
 a trial whose result is reliable.
 
 Strickland, supra.
 
 The defendant must prove actual prejudice before relief will be granted. It is not sufficient for the defendant to show the error had some conceivable effect on the outcome of the proceedings. Rather, he must show that, but for counsel’s unprofessional errors, there is a reasonable probability the outcome of the trial would have been different.
 
 Strickland, supra; State v. Pratt,
 
 26,862 (La.App. 2d Cir.4/5/95), 653 So.2d 174,
 
 writ denied,
 
 95-1398 (La.11/3/95), 662 So.2d 9. A defendant making a claim of ineffective assistance of counsel must identify certain acts or omissions by counsel which led to the claim; general statements and conclusory charges will not suffice.
 
 Strickland, supra; State v. Jordan,
 
 35,643 (La.App. 2d Cir.4/3/02), 813 So.2d 1123,
 
 writ denied,
 
 02-1570 (La.5/30/03), 845 So.2d 1067.
 

 Louisiana has a strong public policy in favor of protecting the identity of confidential informants.
 
 State v. Davis,
 
 411 So.2d 434 (La.1982);
 
 State v. Hall,
 
 549 So.2d 373 (La.App. 2d Cir.1989),
 
 writ denied,
 
 556 So.2d 1259 (La.1990). The defendant bears the burden of showing exceptional circumstances which would require divulging a confidential informant’s identity; the trial court has much discretion in deciding whether disclosure is war
 
 *192
 
 ranted.
 
 State v. Oliver,
 
 430 So.2d 650 (La.1983),
 
 cert. denied,
 
 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 688 (1983);
 
 State v. Babbitt,
 
 363 So.2d 690 (La.1978). A showing that the informant participated in the crime constitutes exceptional circumstances requiring disclosure.
 
 State v. James,
 
 396 So.2d 1281 (La.1981);
 
 State v. McDonald,
 
 390 So.2d 1276 (La.1980);
 
 State v. Humphries,
 
 463 So.2d 804 (La.App. 2d Cir.1985).
 

 In the instant case, as a threshold matter, we conclude that the issue raised by Defendant of ineffective assistance of counsel can be resolved on the record presented. Next, Defendant alleges that his trial counsel was ineffective in failing to require the State to divulge the identity of the C.I. and, absent the testimony of the C.I. at the trial, the evidence presented was insufficient to support a conviction. As previously discussed, we find that the State presented sufficient evidence, through the testimony of Agent Bou-dreaux, to support the conviction of Defendant. The evidence that Defendant claims was not presented, such as marked currency, DNA or fingerprint evidence, and even audio or video recordings, was not required to establish the essential elements of the instant crime.
 

 Furthermore, while Defendant argues that his trial attorney should have obtained the identity of the C.I. from the State, the prevailing jurisprudence dictates that exceptional circumstances must be shown to require the State to provide that information. Here, Defendant does not [isallege exceptional circumstances, but instead argues that there was no other direct evidence connecting him to the distribution of the cocaine. Agent Boudreaux’s testimony established the elements of the offense and the testimony highlighted the fact that the C.I. did not participate in the transaction. The C.I.’s participation was limited to setting up the meeting where the sale occurred. Though the C.I. was on the scene, Agent Boudreaux stated that he asked Defendant if he had the cocaine, the cocaine was passed to Agent Boudreaux who, in turn, tendered $100 to Defendant to complete the transaction. Based on these facts, it cannot be said that the C.I. participated in the transaction. Defendant makes no further argument that would indicate that the identity of the C.I. should have been disclosed.
 

 When analyzing these circumstances under the first prong of the
 
 Strickland
 
 test, we conclude that Defendant has failed to allege facts to show that his trial attorney’s representation fell below the standard of reasonableness and competency as required by prevailing professional standards demanded for attorneys in criminal cases. The defense was not entitled to demand that the State disclose the identify of the C.I. and failure to do so does not constitute ineffective assistance of counsel in this case. It is noted that trial counsel attempted to use the issue of the C.I.’s motives (four pending warrants), as well as the State’s failure to produce the C.I., in an attempt to create reasonable doubt as to Defendant’s guilt. The jury was entitled to disregard these efforts.
 

 Even if error is presumed, we note that Defendant has failed to show how his defense was prejudiced by his attorney’s failure to obtain the | I9identity of the C.I. Had the identity of the informant been disclosed, Defendant presumably would have cross-examined the C.I. regarding his motives for informing the authorities of Defendant’s distribution operation. It was noted, however, that during direct examination of Agent Boudreaux that the C.I. was in fact cooperating with the police in an effort to gain some advantage in relationship to his possible charges. The C.I. had four pending warrants and the jury
 
 *193
 
 was aware of this fact. Defendant does not specifically state what additional information could have been obtained by requiring the State to disclose the identity of the C.I., nor does Defendant show how the outcome of the trial would have been different.
 

 This assignment is, therefore, without merit.
 

 Defendant’s final assignment was a request for this court to review the record for errors patent. This request is unnecessary since such a review is made automatically in all criminal cases.
 
 State v. Bryant,
 
 29,344 (La.App. 2d Cir.5/7/97), 694 So.2d 556.
 

 The jurisdictional check of the record reveals that the trial judge failed to impose the first two years of Defendant’s sentence without benefits as required by La. R.S. 40:967(A)1. This error will be corrected pursuant to La. R.S. 15:301.1(A). No further action is required by this court.
 

 CONCLUSION
 

 For the foregoing reasons, the conviction and sentence of Defendant, Christopher Antrell Bernard, are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Agent Boudreaux testified that an eight ball is three and one-half grams of cocaine.